*100] *Opinion of Justice Ford.
In a suit before a justice for unlawful detainer, the jury found Delancey guilty; whereupon lie delivered a certiorari before the justice had actually entered judgment, though one was subsequently entered on the same day. On the return of the judgment and proceedings, several exceptions were taken to the writ in this court, on a motion to quash it.
First, because it was allowed without a recognizance to the state, agreeably to the 4th section of the act regulating writs of certiorari to courts of general quarter sessions and justices of the peace, Rev. Laws 406. By this 4th section, it is enacted, that no certiorari shall be allowed upon the judgment or order of a justice or justices of the peace or general quarter sessions of the peace, unless the party applying for such writ shall, before the allowance thereof, with two sufficient sureties, enter into recognizance to the state of New Jersey in the sum of $150, with condition to prosecute the same to effect, without delay, and to perform such judgment or order as the court shall give or make therein, with costs, if costs be awarded; but it provides that this section shall not extend to orders or judgments of a justice of peace, under the act constituting courts for the trial of small causes.
Now this act, comprising six sections, is limited to indictments and proceedings of a public nature, by the express words of every section, except the 4th; and though the 4th contains no such express limitation, the courts have, ever since *101] its passage, for upwards *of 30 years, held it applicable, like all the other sections, only to indictments and cases of a public nature. It is believed there is not a single case of unlawful detainer where the party applying for a certiorari, has been required by the judges to enter into a recog *33 nizance to the state. Is it credible, that in a course of constant practice at chambers, every judge, through a succession of them for 30 years, should have fallen into one uniform mistake about the meaning of this section ?
I have before observed, that every other section in this act relates expressly to criminal and public cases, and that is one very strong reason for believing that this was meant to do the same. We do not look for civil regulations in the great body of an act concerning criminal proceedings. If speaks of orders and judgments of a justice of peace. Now a justice possesses at common law, and also by t-he 1st section of the act, Lev. Laws 142, a very important and extensive jurisdiction in criminal cases, and his orders being combined in the same section and sentence with quarter sessions of the peace, (a court of known criminad jurisdiction) it is reasonable that the same jurisdiction was meant in one case that is expressed in the other. A presumption to the contrary would not be a probable but a light and rash one. That orders of justices in civil cases, was not meant, will be more manifest, when we consider that their jurisdiction in civil causes arises almost entirely under the act constituting courts for the trial of small causes ; and yet the proviso declares that this section shall not extend to their orders or judgments in that great province of their civil powers; and the conclusion seems inevitable, that it meant their orders and judgments in criminal cases, or those of a public nature. Again, the surety by recoguimnce to the state of New Jersey, (almost exclusively confined in law to criminal cases) is nearly decisive evidence that orders or judgments in private causes between party and party, were, not meant in this section. In civil canses the surety is by bond to the adverse party; but how would a private person be benefitted by a recognizance to the State of Now Jersey, unless the section declared that it should he to his use ? and yet there are no such words in the section. If there had been any, the section could not have applied to *34 •criminal cases at all. We ought not, by construction, to impute a meaning so incongruous and absurd to the legislature, *102] *as that of ordering a recognizance to be taken to the state in a suit between private persons. Besides, the condition of the recognizance is to be, that the defendant will perform the order of the court, whereas the order is not to be performed in unlawful detainer by the party; the sheriff is to perform it under a writ of restitution; and a recognizance in these terms, in a private suit, would bind the party, absurdly enough, to perform the duty of the sheriff. For these reasons, I am of opinion, that the construction on this section for 30 years, has been the true one, and that there is nothing in the exception.
The second exception supposes an irregularity in having delivered the writ to the justice before his judgment was actually entered on the docket. It is to be remembered, that the verdict had been rendered; the trial was. over ; the judgment was entered the same day, and there was no adjournment to*a future one. The nicety is never favored in law, of splitting a day into parts, and shewing what was acted in one and what in another fraction of it, in order to destroy a proceeding which otherwise would be good by intendment. Here is a judgment, and here is a certiorari on the same day to remove it, and all regular on the face of the record. The court might refuse to enquire into the order of time of their taking place on the same day, where the consequence of a captious objection would be to destroy one of two acts which are both apparently good, and when it has no bearing on the merits. But admitting all that has been proved, the certiorari was well delivered. It is a mistake to suppose that the 18th section of the act, Rev. Laws 352, regulates the time when a certiorari shall be delivered to the justice; it provides that the proceedings shall not be removed by it till after judgment. Let the writ be delivered at what time it may, it cannot operate by this statute as a supercedeas, nor operate at all till after judgment. The *35 justice acted according to the true intent and meaning of this statute, in entering judgment while the writ was in.his hands; there was nothing on which it could legally operate till he did so ; therefore, there is nothing in this exception.
Motion refused.